IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 4, 2017 Session

## DEBORAH J. MEADOWS v. RONALD E. MCCARTER ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 15-10-340      Telford E. Forgety, Jr., Chancellor**

_____

### No. E2017-00525-COA-R3-CV

_____

The Defendant, Ronald E. McCarter ("Defendant"), seeks to appeal from a ruling of the Trial Court which does not constitute a final judgment. Specifically, the ruling to which the Notice of Appeal is directed in this case did not resolve the amount of attorney's fees awarded to the Plaintiff, Deborah J. Meadows ("Plaintiff"), nor did it fully resolve Plaintiff's claims against Tiffany Sharp. As such, it is clear that there is not a final judgment from which an appeal as of right would lie. We therefore lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Travis D. McCarter, Sevierville, Tennessee, for the appellant.

Rebecca C. McCoy, Sevierville, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court reviewed the record for this appeal upon transmission to determine whether the Court had

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

subject matter jurisdiction to hear this matter. After determining that there were unresolved claims and issues in the Trial Court, this Court directed Defendant to show cause why this appeal should not be dismissed as premature. Defendant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."); *see also Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207, 1994 WL 589564, * 1 (Tenn. Ct. App. Oct. 21, 1994). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, there has been no argument made in this case that would support suspension of the requirements of the rule. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Because this Court lacks jurisdiction to consider this appeal, the case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed to Defendant, Ronald E. McCarter, and his surety, for which execution may issue if necessary.

**PER CURIAM**